v.

COMMONWEALTH of Kentucky, CAB-
INET FOR HEALTH AND FAMILY
SERVICES; A.G., C.G., and J.G., Chil-
dren, Appellees.

No. 2010–CA–000156–ME.

Court of Appeals of Kentucky.

Sept. 10, 2010.

Jennifer McVay Martin, Lexington, KY, for appellant.

Duane F. Osborne, Lexington, KY, for appellee.

Before ACREE and NICKELL, Judges; HARRIS,[1] Senior Judge.

## OPINION

ACREE, Judge:

J.M. appeals an order of the Fayette Family Court denying her motion for temporary custody of her three grandchildren. We affirm.

The Cabinet for Health and Family Services filed a petition on November 7, 2008, alleging C.G., J.G., and A.G., all minor children of J.M.'s daughter, were neglected and requesting they be removed from their mother's custody. J.M., an Ohio resident, was granted permission to intervene in the action and filed a motion for temporary custody of the three children pursuant to KRS 620.090. That statute requires:

> In placing a child under an order of temporary custody, the cabinet or its designee shall use the least restrictive appropriate placement available. Preference shall be given to available and qualified relatives of the child considering the wishes of the parent[.] The child may also be placed in a facility or program operated or approved by the cabinet, including a foster home, or any other appropriate available placement.

KRS 620.090(2).

Following J.M.'s motion, the family court ordered a home study be conducted. Ohio officials conducted the study and approved J.M.'s home for placement of the children and recommended that she be granted temporary custody; however, the full report from Ohio revealed certain facts which caused the Cabinet and the family court serious concern. The family court took judicial notice of the report's contents. According to information included with the report, M.G., the children's mother and J.M.'s daughter, was the victim of sexual and emotional abuse in J.M.'s home, though J.M. was not the perpetrator. Further, J.M. was currently residing with her boyfriend who was previously convicted for felony domestic violence. M.G. informed the family court she did not want the children to be placed with J.M. The oldest child, C.G., age 15, also opposed placement with J.M. Based on these facts, the family court declined to place the children with their grandmother and found it would be better for them to remain in foster care and/or treatment while M.G. proceeded with her reunification plan. J.M.'s appeal followed.

J.M.'s brief fails to comply with the appellate guidelines articulated in the Kentucky Rules of Civil Procedure (CR). Appellate briefs must contain

> [a]n "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

CR 76.12(4)(c)(v). Nowhere does J.M.'s brief cite to the record or state whether the issues raised were preserved for appellate review. Accordingly, our review is for manifest injustice only.[2]

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. In *Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App.1990), we established the principle that,

J.M.'s brief appears to take three approaches to this matter. She contends: 1) the family court should have conducted a hearing prior to dismissing J.M.'s motion; 2) the court was required to place the children with a family member, namely J.M., because she was willing to take them in; and 3) the family court was not entitled to disagree with the recommendation of an Ohio social services agency.[3] These arguments are not persuasive.

■ J.M. contends it was unfair for the family court to reach a decision based in large part upon facts included with the home evaluation report which she did not have the opportunity to refute in a hearing. Strictly speaking, J.M. was granted a hearing on her motions, though no witnesses testified. The family court received evidence regarding the home evaluation and heard brief arguments from the Cabinet, from the Guardian *Ad Litem* (GAL), and from J.M. The court even spoke informally to J.M. herself. She has identified no statutory or constitutional provision which entitles her to more, nor has she identified where in the record she petitioned the family court to provide more. Simply alleging the lack of a full evidentiary hearing was "unfair" does not warrant a finding of manifest injustice.

■ J.M. next argues the family court was obligated to place the children with her because of the statutory preference for placement with family members. This position is based on a misreading of the statute. Pursuant to KRS 620.090, a court is required to place children with a family member who is *qualified,* and here the court found J.M. was not qualified. That determination was not manifestly unjust. There was evidence J.M.'s home environment had resulted in abuse M.G. experienced as a child. J.M. continued to deny that M.G. had been sexually abused by a past boyfriend of J.M. despite the fact that M.G.'s claims had been substantiated by Ohio's social services agency. Both the Cabinet and the children's GAL recommended not granting temporary custody to J.M. Combined with M.G.'s stated preference that the children not be placed with J.M., and C.G.'s preference not to be placed with J.M., factors the family court was obligated to consider, there was ample reason to decline to place the children with their grandmother.

■ J.M. finally contends the family court erred in declining to abide by the recommendation of the Ohio social services agency that J.M. be granted custody of the neglected children. J.M. cites no legal authority which indicates such recommendations are dispositive of the issue of proper placement of the children. The family court was not bound to follow the recommendation that the children be placed with J.M. In fact, blindly agreeing with the Ohio officials without consideration of the facts as a whole would have been an abdication of the family court's responsibilities. Further, accepting the proposition that the court is so bound would eviscerate the principle that placement of neglected children is in the discretion of the court.

where an appellant fails to comply with CR 76.12(4)(c)(iv), a reviewing court need only undertake an overall review of the record for manifest injustice. We believe that principle applies as well to the failure to comply with CR 76.12(4)(c)(v). Another appropriate remedy is to strike J.M.'s brief for noncompliance with the Rule. CR 76.12(8)(a) ("A brief may be stricken for failure to comply with any

substantial requirement of this Rule[.]"). We have chosen the less severe alternative of reviewing the case for manifest injustice due to the serious nature of the issues.

3. J.M. has not raised arguments on appeal regarding the portion of the family court's order which denied her request for reasonable visitation.

Considering all of the foregoing, and having examined the record, we conclude that the family court's refusal to grant J.M. temporary custody of the children was neither a manifest injustice nor an abuse of discretion. The Fayette Family Court's December 22, 2009 order is affirmed.

NICKELL, Judge, concurs.

HARRIS, Senior Judge, concurs and files separate opinion.

HARRIS, Senior Judge, concurring:

I concur in Judge Acree's well-written opinion, and only write separately to state that I believe the Court should strike the Appellant's brief because of blatant failure to comply with the requirement that an appellate brief set forth "ample references to the specific pages of the record, or tape and digital counter number ... supporting each of the statements narrated in the summary" in the statement of the case. CR 76.12(4)(c)(v) and (8). I fear that letting lawyers get by with disregard of the rules serves only to foster and encourage further erosion of the standards to which Kentucky lawyers should be held.